B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Alice Diane Lucas n/k/a Alice Diane Crockett | BANKRUPTCY CASE NO.<br>19-00018 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>Lynchburg | NAME OF JUDGE<br>Anderson |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE<br>8/26/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>H. David Cox ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Alice Diane Lucas n/k/a Alice Diane Crockett | **DEFENDANTS** Education Credit Management Corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) H. David Cox, 900 Lakeside Drive, Lynchburg VA 24501  434-845-2600 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☒ Creditor  ☐ Other  ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Complaint seeking damages for violation of the Discharge Injunction | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| **Other Relief Sought** Damages for violation of discharge order and injunction. | |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG VIRGINIA

IN RE: ALICE DIANE LUCAS           CHAPTER 7
      n/k/a ALICE DIANE CROCKETT     CASE NO. 79-00018
_____/

ALICE DIANE LUCAS
     n/k/a ALICE DIANE CROCKETT,

    Plaintiff,

v.                                                    AP NO. ___

EDUCATION CREDIT MANAGEMENT CORPORATION,

    Defendant.

_____/

**COMPLAINT SEEKING DAMAGES FOR
VIOLATION OF THE DISCHARGE INJUNCTION**

The Plaintiff, by Counsel, requests that an order be entered determining that the Defendant has violated the discharge injunction and requesting compensatory and punitive damages, and in support thereof avers as follows:

1. This complaint is filed by the Plaintiff, the Debtor in the above-captioned chapter 7 case. The Court has jurisdiction over this proceeding pursuant to 28 USC 1334(b). This is a core proceeding pursuant to 28 USC 157(b)(2)(I).

2. The Debtor filed bankruptcy pursuant to Chapter XIII of the Bankruptcy Act on August 27, 1982. The case was thereafter converted to a Chapter 7, and the Debtor received a discharge pursuant to Section 17 of the Bankruptcy Act on June 28, 1983.

3. Among the obligations of the Debtor included in her bankruptcy schedules was an alleged student loan obligation owed to the Defendant, Educational Credit Management Corporation, in the estimated principal amount of $8,500.00.

4. By Order entered November 19, 2008, the U. S. District Court for the Western District of Virginia affirmed the Bankruptcy Court's July 21, 2008, decision holding that a student loan owed to Educational Credit Management Corporation was discharged by the Bankruptcy Court's standard Discharge Order entered June 28, 1983.

5. Plaintiff's debts were discharged by the Order of this Court on June 28, 1983, pursuant to Section 14f of the former Bankruptcy Act, the predecessor to Bankruptcy Code Section 524. Defendant's claims fall within the scope of that discharge.

6. Section 14f of the former Act reads as follows: "An order of discharge shall –
   (1) declare that any judgment theretofore or thereafter obtained in any other court is null and void as a determination of the personal liability of the bankruptcy with respect to any of the following: (a) debts not excepted from the discharge under subdivisions a of section 17 of this Act; (b) debts discharged under paragraph (2) of subdivision c of section 17 of this Act;

and (c) debts determined to be discharged under paragraph (3) of subdivision c of section 17 of this Act; and

(2) enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt.

7. Notwithstanding the discharge of the student loan in 1983, the Defendant violated the Court's discharge injunction by garnishing Mrs. Crockett's wages beginning in 2006 for approximately $2,262.89 and intercepted and offset her tax refund in 2006 for approximately $824.91.

8. The Defendant made collection demands against the Plaintiff in the form of collection letters, demands, and other communications with the Plaintiff directly and indirectly.

9. Upon information and belief, the Defendant reported negative information to the credit reporting bureaus.

10. The collection actions of the Defendant negatively affected the Plaintiff's ability to obtain credit, and the stress from the collection actions of the Defendant impacted Plaintiff's health.

11. Plaintiff was forced into a subsequent Chapter 13 bankruptcy to save her home and resolve other debts because she was not able to meet her legitimate monthly debt load due to the Defendant's collection activity in violation of the Court's Discharge Order.

12. Defendant's collection activity in violation of the Court's Discharge Order has negatively affected the Plaintiff's ability to obtain credit now and in the future.

13. The collection activities of the Defendant forced the Plaintiff to incur legal fees and other expenses in the reopening of her 1979 bankruptcy case and in the prosecution of a complaint, and an appeal thereafter, to determine the dischargeability of the debt that the Defendant was improperly attempting to collect. The Plaintiff prevailed over the Defendant at both the trial and appeals court levels, and those courts concluded that the debt had, in fact, been discharged in 1983 by the Bankruptcy Court's standard Discharge Order.

14. Defendant's attempts to collect the debt through garnishment, tax refund offset, collection letters and other communications constituted willful violations of the discharge injunction of section 17f of the former Act.

15. The collection actions of the Defendant represent willful, egregious and vindictive conduct warranting an award of punitive damages.

WHEREFORE, Plaintiff prays that this Court:

    a. Find that Defendant is in contempt of Court for violating the Court's Discharge Order and section 17f of the Bankruptcy Act; and

    b. Award Plaintiff damages, including compensatory and punitive, as determined by the Court, as well as her costs and attorney's fees; and

  c. Provide any other relief as may be appropriate or that equity may allow by this pleading or subsequent amendments to the same.

Dated: August 26, 2010

          ALICE DIANE CROCKETT
          n/k/a ALICE DIANE CROCKETT

          /s/ David Cox
          _____
          Counsel

David Cox
VSB #38670
Cox Law Group, PLLC
Counsel for Debtor
900 Lakeside Drive
Lynchburg, VA 24501
434-845-2600
434-845-0727 fax
david@coxlawgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of August, 2010, the foregoing was served via electronic mail transmission or via US Mail, postage prepaid, on the following parties:

Education Credit Management Corporation
c/o James C. Joyce, Jr., Esquire
1502 Franklin Road, Suite 201
Roanoke, VA 24016

Education Credit Management Corporation
101 East 5th Street
Suite 200
St. Paul, MN 55101

        /s/ David Cox